UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GREBERT FRANCILME,
        Plaintiff,

v.                                   CASE NO. 3:14-cv-808(SRU)

DEPARTMENT OF CORRECTIONS, ET AL.,
        Defendants.

## INITIAL REVIEW ORDER

The plaintiff, Grebert Francilme, is incarcerated at the Franklin County Sheriff's Office in Greenfield, Massachusetts. He has filed a Complaint against the State of Connecticut Department of Correction, University of Connecticut Health Center and John Doe.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that

includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that in November 2012, he was incarcerated at Osborn Correctional Institution in Somers, Connecticut ("Osborn"). On November 30, 2012, the plaintiff became dizzy, fell to the ground, lost consciousness and hit his head. Nurse Practitioner Hernandez examined the plaintiff, noted his injuries, provided him with medication for his back pain and referred him to be seen by a physician. The plaintiff was not seen by a physician.

On December 2, 2012, the plaintiff fell again and exacerbated the injury to his back. On December 14, 2012, a nurse examined the plaintiff and noted his injuries, but did not treat his back pain.

The plaintiff filed a grievance requesting to be seen by a physician. The reviewer who responded to the grievance noted that the plaintiff was on the list to see a physician. The plaintiff was not seen by a physician. In response to the plaintiff's complaints about his back pain, prison officials at Osborn transferred him to Cheshire Correctional Institution ("Cheshire").

The plaintiff sent a letter to medical personnel at the University of Connecticut Health Center complaining about the lack of treatment for his back pain. A clinical program manager responded in January 2013, and indicated that the plaintiff was on the list to be seen by a physician.

Prison officials at Cheshire sent the plaintiff to segregation in response to his complaints

of back pain. The plaintiff remained in segregation for eleven days.

On June 8, 2013, the plaintiff fell down the stairs and lost consciousness. Prison officials transported him to Waterbury Hospital for treatment. The physician who treated the plaintiff at the hospital sent the plaintiff for CT scans of his lumbar spine and cervical spine. The CT of the cervical spine showed mild spinal stenosis and the CT of the cervical spine showed mild to moderate spinal stenosis.

On July 14, 2013, the plaintiff sought treatment from Dr. Ruiz for lower back pain and leg pain. In response to the plaintiff's request, medical personnel indicated that Dr. Ruiz would review the CT scans. Before Dr. Ruiz could examine the plaintiff, prison officials at Cheshire transferred the plaintiff to MacDougall Correctional Institution ("MacDougall").

On August 1, 2013, the plaintiff sought treatment for back and leg pain from medical personnel at MacDougall. A medical staff member placed the plaintiff on a list to be seen by a physician the following day. The plaintiff did not see a physician on August 2, 2013. Medical personnel subsequently informed the plaintiff that his medical records reflected that he had refused to show up for his appointment with a physician on August 2, 2013.

For more than twenty-seven days after arriving at MacDougall, the plaintiff did not receive his pain medication. When he did receive pain medication, it was not effective. On August 22, 2013, the plaintiff sent a request to be seen regarding his pain medication. Medical personnel put the plaintiff on the list to see a physician.

On August 31, 2013, the plaintiff filed an administrative health review seeking treatment for back pain. The grievance reviewer returned the grievance without processing it. The plaintiff's pain medication ran out on October 1, 2013. Instead of re-filling his prescriptions, medical staff directed the plaintiff to purchase pain medication in the commissary. Throughout

his confinement at MacDougall, prison officials continued to house him in a cell on the upper tier, even though he had fallen down the stairs in June 2013.

The plaintiff seeks monetary damages for pain and any necessary medical procedures. For the reasons set forth below, the Complaint is dismissed.

Deliberate indifference by prison officials to a prisoner's serious medical or dental need constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). To prevail on such a claim, a plaintiff must provide evidence of sufficiently harmful acts or omissions and intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel. *See id.* at 104-06. "[N]ot every lapse in prison medical care will rise to the level of a constitutional violation," *id.*; rather, the conduct complained of must "shock the conscience" or constitute a "barbarous act." *McCloud v. Delaney*, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (citing *United States ex rel. Hyde v. McGinnis*, 429 F.2d 864 (2d Cir. 1970)).

To state a claim under section 1983, the plaintiff must allege facts showing that the defendant, a person acting under color of state law deprived him of a federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). Neither the Department of Correction nor the University of Connecticut Health Center is a person subject to suit under 42 U.S.C. § 1983.

The University of Connecticut Health Center provides medical care to Connecticut inmates. Like other state agencies, the Department of Correction and University of Connecticut Health Center are not persons within the meaning of section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, (1989) (state and state agencies not persons within meaning of 42

U.S.C. § 1983); *Fisher v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (state prison department cannot be sued under section 1983 because it does not fit the definition of "person" under section 1983); *Gaby v. Board of Trustees of Community Technical Colleges*, 348 F.3d 62, 63 (2d Cir. 2003) (per curiam) (noting decisions holding that state universities and their boards of trustees are not persons within the meaning of section 1983); *Stewart v. John Dempsey Hospital*, No. 3:03cv1703(WWE), 2004 WL 78145, at *2 (D. Conn. Jan. 9, 2004) (holding that John Dempsey Hospital University of Connecticut Health Center is not a person within the meaning of section 1983).  Accordingly, all section 1983 claims against the Department of Correction and University of Connecticut Health Center are dismissed as lacking an arguable legal basis.  *See* 28 U.S.C. § 1915A(b)(1).

The plaintiff does not identify the John Doe defendant listed in the caption of the Complaint.  As such, the plaintiff has not alleged that John Doe violated his federally or constitutionally protected rights.  The claims against John Doe are dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

The court enters the following orders:

(1)     All claims against the defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Motion for Appointment of Counsel [**Doc. No. 3**] is **DENIED** as moot.  The court declines to exercise supplemental jurisdiction over any state law claims.  *See* 28 U.S.C. 1367(c)(3).  If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).  The Clerk is directed to enter judgment for the defendants and close this case.

(2)     Within thirty days of the date of this order, the plaintiff may move to

reopen the case and file an amended complaint provided that he can identify the medical personnel who were involved in the alleged denial of medical treatment by name, describe their conduct and provide the dates on which the alleged deprivations of medical treatment occurred.

SO ORDERED at Bridgeport, Connecticut this 22nd day of October 2014.

/s/ Stefan R. Underhill
STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE