UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GILBERT FRANCILME,<br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS, ET AL.,<br>    Defendants. | No. 3:14-cv-808 (SRU) |

## ORDER

On June 4, 2014, Gilbert Francilme filed a pro se complaint against the Connecticut Department of Correction, the University of Connecticut Health Center, and John Doe. Francilme principally complained about deliberate indifference to his serious medical needs while incarcerated in the Connecticut prison system.

In an Initial Review Order dated October 22, 2014, I dismissed the claims against the Connecticut Department of Correction and the University of Connecticut Health Center as lacking an arguable legal basis. *See* Initial Review Order 4-5 (doc. # 8). In the same order, I dismissed the claims against John Doe for failure to state a claim upon which relief may be granted, because Francilme had "not alleged that John Doe violated his federally or constitutionally protected rights." *Id.* at 5. Judgment entered for all defendants and Francilme appealed.

The Court of Appeals dismissed the appeal with respect to the claims against the Connecticut Department of Correction and the University of Connecticut Health Center, "because those claims lack an arguable basis in law or fact." Mandate of USCA 2 (doc. # 15). The order dismissing the claims against John Doe was vacated and the case was remanded with instructions: "On remand, the district court should assist [Francilme] to identify the John Doe

defendant, *see Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997), and permit [Francilme] to amend the complaint without 'mandatory guidelines,' *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 192-93 (2d Cir. 2008)."

It far from clear what the Court of Appeals expects me to do at this point. Unlike the situation in *Valentin*, the plaintiff here has not described John Doe's conduct at all – much less in sufficient detail to permit me to conduct any investigation of the incident(s) or to seek the assistance of either of the former defendants in identifying the John Doe(s). Although numerous individuals are identified by name in the complaint, there are literally no factual allegations regarding John Doe. Also unlike the situation in *Valentin*, there are no pending interrogatories that I can require a named defendant to answer that might help Francilme uncover the identity of the person(s) he claims harmed him. Moreover, the Court of Appeals affirmed the dismissal of the Department of Correction and the University of Connecticut Health Center, so there is not even a party that I can "enlist the assistance of," *Valentin*, 121 F.3d at 76, or over which I have jurisdiction and thus can order to provide information to Francilme.

Under present circumstances, the court does not itself have the ability to "assist" Francilme to identify John Doe. The best that can be done is to appoint counsel to provide that assistance. Counsel can communicate with Francilme to determine whether the John Doe defendant(s) is a prison official, a prison guard, prison medical services provider, physician employed at the University of Connecticut Health Center, or some other individual. Counsel, armed with such a description – which does not appear in the complaint – can then fashion discovery to elicit John Doe's identity. The appointment of and scope of representation by pro bono counsel will be limited to conducting activities to identify John Doe, unless counsel agrees to undertake a more expansive representation. Ordinarily, pro se parties are appointed pro bono

representation only after a determination of probable merit to their claims, *see Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173-74 (2d Cir. 1989); here, the court knows nothing about the purported claim against John Doe and therefore cannot make the determination necessary to appoint counsel to pursue any such claim.

Accordingly, it is hereby ordered that the Clerk's Office shall identify and appoint pro bono counsel to assist Francilme in identifying John Doe.

It is so ordered.

Dated at Bridgeport, Connecticut, this 2nd day of June 2015.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge